## STATE v. CARMELLE TREMONT.[1]

December 20, 1935.

No. 30,534.

[1]Reported in 263 N. W. 906.

*H. C. Bellew* and *Mark McCabe,* for appellant.

*Harry H. Peterson,* Attorney General, *Roy C. Frank,* Assistant Attorney General, *Ed J. Goff,* County Attorney, and *Howard T. Van Lear,* Assistant County Attorney, for the State.

JULIUS J. OLSON, JUSTICE.

Defendant was convicted of grand larceny in the second degree and sentenced to a prison term at the reformatory for women in Shakopee. She was unsuccessful upon her motion for new trial, and has appealed from that order and from the judgment of conviction.

The facts clearly and unmistakably established that defendant was in Powers Mercantile Department Store in Minneapolis on Saturday afternoon, November 10, 1934, and while there took two sets of curtains from a table upon which same were placed for display and sale, concealing them under her coat. She departed from the store, taking the elevator from the third floor, that being the floor upon which the stolen goods were kept, to the main floor and got off there, then went through the shoe department and gained the street at the Marquette avenue door. She was apprehended there, near the alley, by two of the Powers store servants or clerks, one of whom had observed defendant at the counter in the drapery and curtain department and who strongly suspected her of being a

shoplifter. Defendant was immediately searched and the missing articles found under her coat. She was immediately taken back into the store and questioned by two employes of the store. The principal witness for the state was Marie Louise Augur, the "house detective." This witness at the time of the questioning accused defendant of having committed such or similar offenses in the past and that this was the reason she, the witness, so diligently and intently watched defendant while at the counter. Defendant said, in reply to such past acts, "Oh, that was a long time ago." She admitted the taking of the goods in the instant case but offered the excuse that there was no one to wait on her. Miss Augur told defendant that this could not be so as the sales girls "are always anxious to get a sale." To this defendant replied, "I don't know why in hell I took those damn things, I had the money in my stocking to pay for them."

■ The claim is now made by defendant's counsel that this conversation should not have been permitted to go into the record. Why defendant's admission should have been excluded is not explained beyond its mere assertion. As a matter of fact it is difficult to discover any reason in law or logic for its exclusion. The claim is too attenuated to justify further comment.

■ Defendant next asserts that the offense in question did not justify conviction upon the charge of grand larceny in the second degree. The statute, 2 Mason Minn. St. 1927, § 10363, provides:

"Every person who, under circumstances not amounting to grand larceny in the first degree, * * * shall steal or unlawfully obtain or appropriate—* * *

"3. Property of any value, by taking the same in the day time from any dwelling house, office, bank, shop, warehouse, vessel or railway car, *or any building whatever;* * * *

"Shall be guilty of grand larceny in the second degree, and punished * * *." (Italics ours.)

Her counsel assert that the legislature could not have intended by this enactment "to include a department store where goods of all kinds are promiscuously displayed to the general public." Their

claim that Powers department store in Minneapolis is not a "building" would likely cause genuine surprise to the people of that up-to-date and enterprising city. Such sophistry did not succeed below, and we too refuse to be misled thereby.

■ Lastly, it is urged that the punishment under the statute and as imposed by the trial judge is so harsh and unreasonable as to be constitutionally objectionable. Minn. Const. art. 1, § 5; U. S. Const. art. VIII. No case is cited having the slightest semblance to the point here sought to be made. This enactment has been upon our statute books over a period of very many years. We are not informed, nor does counsel's research reveal, that this statute has ever been so questioned heretofore. This perhaps may be due to lack of temerity on the part of the many others who have been similarly accused and punished.

Defendant's guilt was established beyond all doubt. She did not choose to testify, as was her right, but she has no reason to complain that the triers of fact found her guilty. The trial court did not go beyond the terms of the violated statute in pronouncing sentence. The conviction is right and so is the sentence.

Order and judgment affirmed.

