## STATE v. MYRTLE PRIEBE.[1]

March 8, 1946.

No. 34,157.

[1]Reported in 22 N. W. (2d) 1.

*John G. Priebe,* for appellant.

*J. A. A. Burnquist,* Attorney General, *R. S. Wiggin,* City Attorney, and *Joseph A. Hadley,* Assistant City Attorney, for the State.

JULIUS J. OLSON, JUSTICE.

Defendant was convicted of the offense of petit larceny (in common parlance shoplifting) in violation of Minn. St. 1941, § 622.07 (Mason St. 1927, § 10364), and she appeals from an order denying her motion for a new trial.

The complaint charged defendant with having on January 16, 1945, "wilfully, unlawfully and feloniously" taken, stolen, and carried away from the L. S. Donaldson Company store in Minneapolis the following articles:

"1 plum pudding (cake), of the value of 98c.
"2 dish cloths, 10c each, of the value of 20c.
"2 handkerchiefs; 59c each, of the value of $1.18.
"1 pair hose, of the value of $1.35.
"In all of the value of $3.71 * * *."

At the commencement of the trial, the complaint was so amended to show the value of the plum pudding to be 49 instead of 98 cents and the total to be $3.22. There was no other change made or asked for, nor was the complaint challenged, except that defendant's

counsel objected to the amendment because "the defendant at this time is taken by surprise and is not in a position to meet the issue." The court allowed the amendment, and her counsel excepted.

The jury could well find, as it did, these to be the facts: On January 16, 1945, one Mrs. Mamie Stonestrom happened to see defendant at the Dayton Company store. This lady is and for some 13 years prior thereto had been the "house detective" of the Donaldson company. She had long suspected Mrs. Priebe of being a shoplifter. Having this in mind and probably motivated thereby, she immediately became interested in defendant's activities there. She testified that she saw defendant "put her hand over a beaded bracelet that was on top of the counter in the jewelry department" of the Dayton store and that she placed it in her purse. From Dayton's, the next stop was at the Woolworth store, and while there Mrs. Stonestrom saw defendant take a bottle of listerine and a tube of vaseline, both of which defendant put into her shopping bag. The Donaldson store came next, the one of which Mrs. Stonestrom was the house detective. There, the items described in the complaint were taken by defendant and placed in her shopping bag. As defendant was about to leave Donaldson's, Mrs. Stonestrom testified that she said to defendant:

"* * * 'I am the house detective at Donaldson's, I am sorry what you have been doing and you will have to come back with me, to my office.' She [Mrs. Priebe] said, 'I will not go back with you but I will give you the merchandise.' I said, 'You will have to come back with me to my office, walk along like we are friends, or otherwise you will have to go with a police officer down to the court house.' And she kind of started to go away and I took hold of her arm and she decided to go with me * * *."

Arriving at Mrs. Stonestrom's office, all articles were removed from defendant's shopping bag, including also defendant's "black purse," wherein she had hidden the two handkerchiefs and the bracelet. Everything was placed upon Mrs. Stonestrom's desk. Each item therein found was listed, as were also the prices thereof as shown

by price tags attached thereto. Before this took place, Miss Tweeten, a secretary at Donaldson's, was called into the office. Defendant then "coöperated very nicely." The items taken and the cost of each were then listed by Miss Tweeten upon what is referred to in the evidence as exhibit J, upon the first page of which this appears:

"To Whom It May Concern:

"This is to certify that I Myrtle Priebe living at 1616 James North City of Minneapolis State of Minnesota do freely confess, admit and declare that I did wilfully and unlawfully take from the possession of the L. S. Donaldson Company at the store of said company at Minneapolis, Minn., the following personal property: * * *."

Then follows on the reverse side of the exhibit a list of every item and the cost price thereof which defendant admitted she had stolen from the mentioned stores. Mrs. Stonestrom testified: "Mrs. Priebe read the card over and signed it, and Miss Tweeten and I witnessed it." The exhibit is here and has been carefully read and studied. We observe that defendant's signature is well written and in a firm hand, and we find nothing concerning the exhibit that in any way limits its general purpose.

Defendant does not deny signing the instrument, but claims that she did not read it and that it was not read to her. This, as we read the record, is the controlling fact issue presented. It was submitted to the jury as such in a fair, complete, and unbiased charge. The jury were instructed that the—

"confession to be admissible must have been freely and voluntarily made and a confession must not have been induced by another because of fear or reward. * * * and if you find, from the evidence, that Mrs. Priebe did not know the contents of exhibit J when she signed it then it is your duty to disregard it."

We think the conversation between defendant and Mrs. Stonestrom in the presence of Miss Tweeten was admissible in evidence, as was also exhibit J. State v. Tremont, 196 Minn. 36, 263 N. W. 906.

322

■ Defendant's next challenge relates to the court's denial of her motion to dismiss at the close of the state's case. As to that claim, we have repeatedly held that a new trial will not be granted for a refusal to dismiss for insufficiency of the evidence when the state rests if all the evidence in at the close of the case justifies a conviction. 2 Dunnell, Dig. & Supp. § 2477a, and cases cited in note. In this case, there is no doubt that the prosecution had made a strong case before it rested. Defendant's counsel in State v. Tsiolis, 202 Minn. 117, 277 N. W. 409, raised this point, and we held against his contentions.

■ Defendant also asserts that the court erred in permitting the state to prove the theft of articles other than those specifically involved in the complaint. The evidence, it will be noted, shows what defendant did, and the whole situation presented a continuous, progressive, and systematic method on her part to accomplish her devious purpose. The court specifically charged that the jury could not convict defendant for or on account of any other offense than that with which she was charged in the complaint, and limited their consideration wholly thereto. With respect to the items taken from other stores, the court was of the view that this was a permissible method of showing defendant's capacity, skill, or means to do the act charged in the complaint, or that it characterized her possession of the goods found in her possession. We have often held that proof of similar acts tending to characterize the specific act charged is admissible, even though such acts incidentally tend to show the commission of other crimes. State v. Jansen, 207 Minn. 250, 290 N. W. 557. Cf. State v. Tsiolis, 202 Minn. 117, 123, 277 N. W. 409, 412.

■ Corroboration of defendant's confession or admissions is ample. The recited facts fully sustain that conclusion.

The court permitted defendant's counsel much leeway in conducting the defense of his wife. The record is replete with his objections, motions, and the like, many of them frivolous and many more

repetitious. Looking at the case from all angles, the result reached below was clearly right.

The order is affirmed.

